## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KAREN BRUMMELL,** *et al.,* | * | |
| *Plaintiffs,* | * | |
| v. | * | **CIVIL NO. RDB-22-1601** |
| **TALBOT COUNTY** | * | |
| **BOARD OF EDUCATION,** *et al.,* | * | |
| *Defendants.* | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM OPINION

Plaintiffs Karen and Joseph Brummell bring this suit in a fourteen-count Complaint on behalf of and as mother and father of Student Doe against Defendants Talbot County Board of Education (the "Board"), Diane Thomas ("Defendant Thomas" or "Thomas"), Indra Bullock, Ann Nilson,[1] and Gary Bramble for various claims stemming from alleged disparate treatment while Student Doe was a student at St. Michael's Elementary School in Talbot County, Maryland. (ECF No. 5.) On March 16, 2023, this Court granted in part and denied in part the Motion to Dismiss (ECF No. 8) filed on behalf of Defendants the Board, Bullock, Nilson, and Bramble.[2] (ECF No. 37.) At that time, Plaintiffs had not yet effectuated service on Defendant Thomas. (ECF No. 36 at 1 n.2.)

---

[1] The Defendants' Motion to Dismiss (ECF No. 8) sets forth the correct spelling of Defendant Ann Nilson's last name.

[2] Specifically, this Court dismissed with prejudice as to all defendants Counts VI, VII, VIII, IX, XII, and XIV. This Court also ordered that claims against Defendant Thomas only—Battery (Count II), Violation of Fourth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count X), and Violation of Fifth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count XI)—not proceed to discovery until Defendant Thomas was properly served and had sufficient time to respond to the Complaint. (ECF No. 37; ECF No. 36 at 2 n.3.)

Following proper service, Defendant Thomas filed a Motion to Dismiss as to the claims

of Violation of Article 24 of the Maryland Declaration of Rights (Count III), Violation of

Article 26 of the Maryland Declaration of Rights (Count IV), Gross Negligence (Count V),

Violation of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count X), and

Violation of the Fifth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count XI).[3] (ECF

No. 47.) Plaintiffs have responded in opposition (ECF No. 53), and Defendant Thomas has

replied (ECF No. 58). The Court has considered the filings and no hearing is necessary. Loc.

R. 105.6 (D. Md. 2023).

For the reasons explained below, Defendant Thomas's Motion to Dismiss (ECF No.

47) is DENIED. Specifically, the Motion is DENIED as to Counts III, IV, V, and X. The

claim of Violation of the Fifth and Fourteenth Amendment under 42 U.S.C. § 1983 in

Count XI does not remain in effect against Defendant Thomas because Count XI was never

asserted against Defendant Thomas in her individual capacity.[4]

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in

a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found.*

*v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.)*

*Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The facts of this case have been well briefed and fully

addressed by this Court in its Memorandum Opinion granting in part and denying in part the

---

[3] Defendant Thomas filed a Partial Answer addressing the claims of Negligence (Count I) and Battery (Count II). (ECF No. 48.)

[4] Plaintiffs' Complaint lists Count XI as against "Defendants Board, Hahn, Peter, & Whittaker." (ECF No. 5 at 24.) This Court previously dismissed Count XI as to the Board, Bullock, Nilson, and Bramble. (ECF No. 36 at 21–22).

Motion to Dismiss filed on behalf of Defendants the Board, Bullock, Nilson, and Bramble. (ECF No. 36.) This Opinion addresses the facts applicable to the claims against Defendant Thomas at issue.

On January 18, 2017, Student Doe was playing tag in the school hallway.[5] (ECF No. 5 ¶ 46.) It is alleged that his teacher, Defendant Diane Thomas, picked Student Doe up from behind and "slammed him into the ground." (*Id.*) Although Plaintiffs allege that Student Doe was severely injured by this incident, he was never sent to the nurse to be evaluated for injuries. (*Id.* ¶ 47.) In recounting the incident with Mr. Brummell, Defendant Thomas told him that Student Doe was misbehaving and attacked her, and that she tried to carry him back to class and dropped him because he was kicking her. (*Id.* ¶ 50.) Defendant Thomas told Mr. Brummell, "we have to discipline these children, if we let one of them get away with this kind of behavior they all will think they can do it." (*Id.* ¶ 48.) Plaintiffs allege that surveillance footage shows Defendant Thomas's summary of events to be false. (*Id.* ¶ 51.) The school did not reprimand Defendant Thomas for her behavior. (*Id.* ¶ 57.)

On or about June 5, 2018, Student Doe was in Defendant Thomas's music class when Defendant Thomas asked students in the class to raise their hand if Student Doe had bullied or hit them.[6] (*Id.* ¶ 100.) Defendant Thomas then asked Student Doe to observe the number of hands raised from the front of the class, which indicated how many people he had bullied or hit. (*Id.*) Student Doe said he had not bullied or hit any of the students, yet Defendant

---

[5] Defendant Thomas refers to this incident as the "Hallway Incident," (ECF No. 47 at 2 n.2), and the Plaintiffs refer to this incident as "Incident #3—January 18, 2018," (ECF No. 53 at 2). For clarity, this Court will refer to this incident as the Hallway Incident.

[6] Defendant Thomas refers to this incident as the "Music Class Incident," (ECF No. 47 at 2 n.2), and the Plaintiffs refer to this incident as "Incident #9—June 5, 2018," (ECF No. 5 at 11). For clarity, this Court will refer to this incident as the Music Class Incident.

Thomas reiterated that he had. (*Id.*) Plaintiffs allege that this incident was one of several incidents in which school staff bullied a Black student. (*Id.* ¶ 101.) This incident was reported to the school and no action was taken. (*Id.* ¶ 102.)

Plaintiffs allege that the Hallway Incident, the Music Class Incident, and the school's continuous inaction demonstrate the school had no concern for Student Doe's safety. (*Id.* ¶ 101.) Plaintiffs assert that Student Doe's experiences align with school data which illustrates that Black students make up for 80% of discipline referrals despite accounting for 20% of the student population. (*Id.* ¶ 115.) As a result, Plaintiffs filed a Complaint on April 5, 2022 in the Circuit Court for Talbot County, Maryland. (ECF No. 1; ECF No. 5.) On June 29, 2022, Defendants Talbot County Board of Education, Indra Bullock, Ann Nilson, and Gary Bramble removed the case to this Court, pursuant to 28 U.S.C. § 1331 predicated upon federal question jurisdiction based on the federal claims asserted. (ECF No. 1) Defendants Board, Bullock, Nilson, and Bramble subsequently filed a Motion to Dismiss (ECF No. 8), which this Court granted in part and denied in part, (ECF No. 37).

Following this Court's Order in response to the Motion to Dismiss of Defendants the Board, Bullock, Nilson, and Bramble, the following claims remained pending against Defendant Thomas: Negligence (Count I), Battery (Count II), Violation of Article 24 of the Maryland Declaration of Rights (Count III), Violation of Article 26 of the Maryland Declaration of Rights (Count IV), Gross Negligence (Count V), Violation of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count X), and Violation of the Fifth and Fourteenth Amendment under 42 U.S.C. § 1983 (Count XI). (ECF No. 37 at 1–2.)

Defendant Thomas subsequently filed a Partial Answer as to Counts I and II, (ECF No. 48), and a Motion to Dismiss as to Counts III, IV, V, X, and XI, (ECF No. 47). In her Motion to Dismiss, Defendant Thomas incorporates fully by reference the arguments presented in the Board and Individual Defendant's Motion to dismiss, relevantly including: (1) Count III should be dismissed as to Defendant the Board because Defendant Thomas's conduct was outside the scope of her employment; (2) Count X should be dismissed because Plaintiffs fail to allege that any Defendant conducted a search of Student Doe; (3) Count XI should be dismissed because (a) the Fifth Amendment does not apply to state agencies and their employees, (b) any Fourteenth Amendment claims fail for the same reasons as Count X, and (c) any substantive due process claims fail for the same reasons as Count III.[7] (ECF No. 47 at 7.) Additionally, Defendant Thomas argues that Plaintiffs' Article 24 (Count III) and Article 26 (Count IV) claims fail as a matter of law because Plaintiffs have not pled the elements of a substantive due process claim; Plaintiffs' gross negligence claim (Count V) should be dismissed because Plaintiffs did not allege the required malice, evil intention, or reckless disregard; and Plaintiffs' § 1983 claims (Counts X and XI) should be dismissed because Plaintiffs have failed to plead sufficient facts to show that Defendant Thomas acted with discriminatory intent. (*Id.* at 7–17; 19–20.)

In response, Plaintiffs contend that this Court's previous determination that Plaintiffs' Article 24 claim (Count III) was sufficiently alleged against Defendant the Board on a theory

---

[7] In their Motion to Dismiss, Defendants the Board, Bullock, Nilson, and Bramble also argued the following: Plaintiffs' Article 24 claim (Count III), should be dismissed because (a) it fails as a matter of law to the extent it is based on negligent conduct or an alleged deprivation of substantive due process for failure to protect against harm by third persons, (b) Count III fails to present conduct sufficient to support a substantive due process claim, (c) any "pattern or practice" claim presented in Count III is viable only against State agencies, not county agencies. (ECF No. 8–2 at 19–21.)

of vicarious liability for Defendant Thomas's actions inherently assumes their Article 24 claim is also sufficiently alleged against Defendant Thomas. (ECF No. 53 at 5.) Additionally, Plaintiffs argue that their Article 26 claim (Count IV) is sufficiently alleged to demonstrate that Defendant Thomas effected an improper seizure of Student Doe. (*Id.* at 23.) Next, Plaintiffs contend that whether Defendant Thomas acted with malice or gross negligence is a question of fact. (*Id.* at 24–25.) Finally, Plaintiffs argue that they sufficiently allege Fourth Amendment, Fourteenth Amendment, and Equal Protection claims under § 1983 because Defendant Thomas violated Student Doe's constitutional rights to education, equal protection, and liberty from excessive force. (*Id.* at 26; 14–17.) Plaintiffs withdraw their § 1983 claim (Count XI) to the extent it asserts a violation of the Fifth Amendment. (*Id.* at 26.)

For the reasons explained below, Defendant Thomas's pending Motion to Dismiss (ECF No. 47) is DENIED.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility

standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Defendant Thomas has already filed a partial Answer to Counts I and II. Accordingly, this Court will address Counts III, IV, V, X, and XI in turn.

### I.    Violation of Article 24 of the Maryland Declaration of Rights (Count III)

Although Plaintiff's Article 24 claim is not entirely clear, it appears Plaintiff alleges that Defendant Thomas violated Student Doe's due process rights in the Hallway Incident and the Music Class Incident.[8] (ECF No. 53 at 6–21.) In the Hallway Incident, Plaintiffs allege that Defendant Thomas "slammed" Student Doe to the floor in the school hallway because Defendant Thomas stated he was "misbehaving" and she needed to "discipline" his behavior.

---

[8] Plaintiff's Reply to Defendant Thomas's Motion to Dismiss attempts to clarify Plaintiffs' Article 24 claim by specifying substantive due process violations of (1) excessive force; (2) state-created danger; (3) Student Doe's property right to an education; (4) Student Doe's liberty interest in freedom from bodily restraint; and (5) Plaintiffs' rights under the Equal Protection Clause. (ECF No. 53 at 10–14.)

(ECF No. 5 at 6.) In the Music Class Incident, Plaintiffs allege that Defendant Thomas asked students to raise their hands if they had been bullied by Student Doe and told Student Doe "do you see all the people you bullied and hit?" and "you bullied these students." (*Id.* at 11.) Plaintiffs allege that in both incidents Defendant Thomas targeted Student Doe because he was Black and had a special relationship with Student Doe because she acted *in loco parentis*. (ECF No. 53 at 4, 14, 16, 17, 19.)

Defendant Thomas interprets Plaintiffs' Article 24 claims as substantive due process claims of excessive force regarding the Hallway Incident and Music Class Incident. (ECF No. 58 at 4; ECF No. 47 at 11–12). Defendant Thomas asserts that the Music Class Incident cannot give rise to an excessive force claim because Plaintiffs allege neither physical touch nor comments that would shock the conscience of reasonable people. (ECF No. 47 at 12.) Similarly, Defendant Thomas asserts that the Hallway Incident cannot give rise to an excessive force claim because Defendant Thomas's interaction with Student Doe would not shock the conscience of reasonable people. (ECF No. 47 at 11–12.) Additionally, Defendant Thomas argues that Plaintiffs' claim should be dismissed because Plaintiffs fail to allege any malicious intent or racially motivated animosity regarding either incident. (ECF. No. 47 at 12–13.)

Article 24 of the Maryland Declaration of Rights ensures that "no man ought to be . . . deprived of his life, liberty or property." MD. CONST. art. XXIV ("Article 24").  In its guarantees and application, Article 24 "is the state law equivalent of the Fourteenth Amendment of the United States." *Rosa v. Bd. of Educ. of Charles Cnty., Md.*, No. 8:11-CV-02873-AW, 2012 WL 3715331, at *6 (D. Md. Aug. 27, 2012) (citing *Pitensberger v. Pitensberger*, 410 A.2d 1052, 1056 (Md. 1980)). Accordingly, as a substantive matter, Article 24 is interpreted

coextensively with the Fourteenth Amendment to the U.S. Constitution. *Taylor v. Go-Getters, Inc.*, 20-cv-3624, 2021 WL 5840956, at *16 (D. Md. Dec. 9, 2021). The Due Process Clause of the Fourteenth Amendment prevents the government from depriving an individual of "life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV. Both the Fourteenth Amendment and Article 24 "require the defendant to be a state actor." *Heward v. Bd. Of Educ. Of Anne Arundel County*, No. 00195-ELH, 2023 WL 6381498, at *49 (D. Md. Sept. 29, 2023) (quoting *Anisimov v. Hosp. Partners, LLC*, No. CCB-09-2436, 2010 WL 723755, at *3 (D. Md. Feb. 24, 2010)).

Analysis under the Due Process Clause considers (1) "whether there exists a liberty or property interest in which a person has been deprived," and, if so, (2) "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Procedural due process claims are typically evaluated under a three-part balancing test that weighs "(1) the nature of the private interest that will be affected; (2) the comparative risk of an erroneous deprivation of that interest with and without additional or substitute procedural safeguards, and (3) the nature and magnitude of any countervailing interest in not providing additional or substitute procedural requirements." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). As Plaintiffs correctly note, students have a due process right and a property interest in their education under both the Fourteenth Amendment and Article 24. *Dennis v. Bd. of Educ. of Talbot Cnty.*, 21 F. Supp. 3d 497, 505 (D. Md. 2014); *Goss v. Lopez*, 419 U.S. 565, 572 (1975).

As Judge Hollander of this Court has recently noted, "substantive due process is a substantially narrower concept than procedural due process, for it serves as 'an absolute check

on certain governmental actions notwithstanding the fairness of the procedures' used to implement those actions." *Heward*, 2023 WL 6381498, at *49 (quoting *Front Royal & Warrant Cnty. Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 287–88 (4th Cir. 1998) (citation omitted)). Given the narrowness of substantive due process, the U.S. Court of Appeals for the Fourth Circuit has held that substantive due process should apply only "where no process could cure the deficiencies in the government action." *Front Royal*, 135 F.3d at 288; *see also Reyna as Next Friend of J.F.G. v. Hott*, 921 F.3d 204, 211 (4th Cir. 2019) (declining to recognize novel substantive due process rights).

Plaintiffs have noted that students have a substantive due process interest in personal liberty and freedom from corporal punishment at school. (ECF Nos. 53 at 13, 14, 16); *see also Ingraham v. Wright*, 430 U.S. 651, 672 (1977) ("[C]orporal punishment in public schools implicates a constitutionally protected liberty interest . . . to be free from . . . unjustified intrusions on personal security."). The Fourth Circuit has held that substantive due process claims based on corporal punishment in schools succeed where a plaintiff can demonstrate,

> (1) an application of force; (2) causing severe injury; (3) the force applied as disproportionate to the need presented; and (4) the force applied was so inspired by malice or sadism or unwise excess of zeal that it amounted to a brutal and inhuman abuse of official power literally shocking to the conscience.

*Brown ex rel Brown v. Ramsey*, 121 F. Supp. 2d 911, 918 (E.D. Va. 2000) (citing *Hall v. Tawney*, 621 F. 2d 607, 611 (4th Cir. 1980)).

Taking the pleadings in the light most favorable to Plaintiffs, Plaintiffs have sufficiently pled due process violations under Article 24. Plaintiffs allege that Defendant Thomas, acting as Student Doe's teacher, applied force when she grabbed Student Doe or slammed him to

10

the ground during the Hallway Incident. Plaintiffs allege that Student Doe was severely injured during this interaction and the force applied was disproportionate because Student Doe was not a threat to anyone's safety. Finally, Plaintiffs allege that Defendant Thomas's actions were motivated by racial animus toward Student Doe. The allegations that Defendant Thomas did not send Student Doe to be evaluated by the school nurse, misconstrued facts to Student Doe's father after the Hallway Incident, and, during the Music Class Incident, had students raise their hands to bolster her assertion that Student Doe bullied other students each support an inference that Defendant Thomas acted with malice during the Hallway Incident. Accordingly, in the light most favorable to the plaintiffs, Plaintiffs' Article 24 claim (Count III) shall be permitted to proceed to discovery against Defendant Thomas.

## II.      Violation of Maryland Declaration of Rights Article 26 (Count IV)

Article 26 of the Maryland Declaration of Rights bestows due process in seizure of person or property. MD. CONST. art. XXVI. Article 26 ensures the same protections afforded by the Fourth Amendment and is interpreted and applied coextensively. *Dennis*, 21 F. Supp. 3d at 504. "The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of seizures effectuated by excessive force." *Gandy v. Howard Cnty. Bd. of Educ.*, No. 20-3436, 2021 WL 3911892, at \*11 (D. Md. Sept. 1, 2021) (quoting *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011)) (internal quotations and citation omitted). "In the context of schools, use of force against students must be 'reasonably related in scope to the circumstances which justified [it] in the first place.'" *Id.* (quoting *Wofford v. Evans*, 390 F.3d 318, 326 (4th Cir. 2004)).

In their Article 26 claim, Plaintiffs allege that Defendant Thomas acted with excessive force in violation of the Fourth Amendment when she seized Student Doe during the Hallway

Incident. Plaintiffs allege that Defendant Thomas picked Student Doe up from behind and "slammed him into the ground" because Student Doe was playing tag in violation of school rules. (ECF No. 5 at 6 ¶ 46.) Plaintiffs additionally allege that Defendant Thomas had not received the Crisis Prevent Institute training required before touching any student. (ECF No. 5 at 7 ¶ 52.) For the same reasons discussed in the above analysis of Plaintiff's Article 24 claim, these allegations plausibly suggest that Defendant Thomas's use of force against Student Doe—who was between 2 and 8 years old at the time of the alleged incident—was excessive under the circumstances. Accordingly, this Court will permit Plaintiffs' Article 26 claim to proceed to discovery.

## III.    Gross Negligence (Count V)

A claim of gross negligence requires allegations of "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another which implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Gandy*, 2021 WL 3911892, at *6 (internal quotations and citations omitted). "A defendant acts with wanton and reckless disregard for others only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Doe v. Bd. of Educ. of Prince George's Cnty.*, 888 F. Supp. 2d 659, 669–70 (D. Md. 2012) (quoting *Markevicz v. Garcia*, Civil Action No. 8:08–cv–02877–AW, 2011 WL 6888641, at *2 (D. Md. Dec. 29, 2011)) (internal quotations and citation omitted). The "distinction between negligence and gross negligence" is "a difficult one to establish in practice," and a "legally sufficient case of ordinary negligence will frequently be enough to create a jury question of whether such negligence was or was not gross." *Beall v. Holloway-*

12

*Johnson*, 130 A.3d 406, 415 (Md. 2016) (quotations and citation omitted). This Court has found that where a plaintiff's claim of negligence survives the dismissal stage, a claim for gross negligence may also properly proceed to discovery. *See Doe #1 v. Bd. of Educ. of Somerset Cnty.*, No. CV RDB-22-1491, 2023 WL 375189, at *5 (D. Md. Jan. 24, 2023) ("[T]he court concludes that, at minimum, the plaintiffs must be permitted to conduct discovery before a distinction between negligence and gross negligence can be drawn in this case.").

Plaintiffs' allegations of various instances of discrimination by Defendant Thomas— specifically the Hallway and Music Class Incidents—constitute a plausible claim that Defendant Thomas acted indifferently to Student Doe's rights. As both parties acknowledge, school officials act *in loco parentis* toward students, which creates a duty of reasonable care to students. (ECF No. 47 at 15; ECF No. 53 at 14); *see also Gandy*, 2021 WL 3911892, at *6. Plaintiffs' allegations that Defendant Thomas seized Student Doe, slammed him to the ground, and asked Student Doe's peers to raise their hands if they had been bullied by Student Doe plausibly allege that Defendant Thomas acted with reckless disregard of Student Doe's rights. Similarly, Defendant Thomas's statement to Student Doe's father that "we have to discipline these children" and failure to send Student Doe to be evaluated for injury following the Hallway Incident plausibly allege that Defendant Thomas acted with malice toward Student Doe. (ECF No. 5 at 6 ¶¶ 48, 54.) Furthermore, Plaintiffs' negligence claims as to Defendant Thomas—and all other defendants—are already proceeding to discovery, and such "sufficient case of ordinary negligence" is enough to propel Plaintiffs' gross negligence claim to discovery as well. Accordingly, Plaintiffs' gross negligence claim shall proceed to discovery as to Defendant Thomas.

IV.     **Violation of Rights Secured Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count X)**

Section 1983 creates a cause of action against any "*person* who," acting "*under color of state law*, deprives another of their constitutional rights. *See* 42 U.S.C. § 1983 (emphasis added). *see also Monroe v. Pape*, 365 U.S. 167, 183 (1961) (a state official violating state law in the line of duty acts under color of state law for purposes of individual capacity § 1983 suits). Section 1983 provides a cause of action only against "persons." "Maryland Courts have clearly established" that a county education board "is not a 'person,' but instead is a state agency, and therefore is not subject to any liability under 42 U.S.C. § 1983." *Hanifee v. Bd. of Educ. of Kent Cnty.*, No. 09-cv-2381, 2010 WL 723772, at *6 (D. Md. Feb. 24, 2010). Where individually named Defendants in their official capacities are "school officials, they are not 'persons' and cannot be sued under § 1983." *Dennis*, 21 F. Supp. 3d at 501–02. Accordingly, this claim is dismissed as to Defendant Thomas to the extent that the claim is brought against her in her capacity as a school official.

However, as this Court's above analysis of Plaintiffs' Article 24 and Article 26 claims demonstrates, Plaintiffs have properly pled facts sufficient to allege that Defendant Thomas violated Student Doe's rights under the Fourth and Fourteenth Amendments. As a result, to the extent that Plaintiffs bring Count X against Defendant Thomas in her individual capacity, Count X will proceed to discovery as to Defendant Thomas.

V.      **Violation of Rights Secured Under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments (Count XI)**

Plaintiff withdraws Count XI to the extent that it asserts a claim of violation of the Fifth Amendment. (ECF No. 53 at 26.) The remaining portion of Count XI appears to assert

substantive due process and equal protection claims under the Fourteenth Amendment premised on Defendant Thomas's conduct in the Hallway and Music Class Incidents. (ECF No. 5 at 24–27.)

This Court previously dismissed Count XI as to the Board, Bullock, Nilson, and Bramble. (ECF No. 36 at 22.) While Defendant Thomas's Motion to Dismiss Count XI is fully briefed by both parties, (ECF Nos. 47, 53, 58), Count XI is asserted only against "Defendants Board, Hahn, Peter & Whittaker" in the operative Complaint. (ECF No. 5 at 24.) While Defendant Thomas's actions appear to form the basis of the substantive claim asserted in Count XI, Count XI is not asserted against Defendant Thomas in her individual capacity. As in Plaintiffs' § 1983 claim raised in Count X, to the extent that Plaintiffs intended to assert Count XI against Defendant Thomas in her official capacity, such a claim would be dismissed because a state official is not a "person" under Section 1983. *See* 42 U.S.C. § 1983; *Monroe*, 365 U.S. at 183.

A defendant lacks standing to move to dismiss a count to which that defendant is not a named party. *Dover Ltd. v. A.B. Watley, Inc.*, No.04 Civ. 7366(FM), 2006 WL 2987054, at *8 (S.D.N.Y. Oct. 18, 2006) (holding defendant not named in several counts of complaint had no standing to move to dismiss those counts); *Norfolk Fed'n of Bus. Dists. v. Dep't of Hous. & Urban Dev.*, 932 F. Supp. 730, 741–42 (E.D. Va. 1996) (holding defendant not named in a given count of complaint lacks standing to defend against that count); *Standard Chlorine of Del., Inc. v. Sinibaldi*, No. Civ. 91-188-SLR, 1994 WL 796603, at *7 n.5 (D. Del. Dec. 8, 1994) (holding defendant not named in count "has no standing to move for its dismissal"). Because Count XI is not presently asserted against Defendant Thomas in any capacity, Defendant Thomas lacks

standing to move for its dismissal. Accordingly, Count XI does not remain in effect against Defendant Thomas, or any other named Defendant in this case for that matter.

## CONCLUSION

For the reasons stated above, Defendant Thomas's Motion to Dismiss (ECF No. 47) is DENIED. Specifically, the Motion is DENIED as to Counts III, IV, V, and X. Count XI presently is not in effect against Defendant Thomas because she is not a named party to Count XI.

A separate order follows.

Dated: November 3, 2023

_/s/_____

Richard D. Bennett
United States District Judge

16